| | |
|---|---|
| CLEO HINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15 CV 1376 DDN |
| | ) |
| CINDY GRIFFITH, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM

This action is before the Court upon the petition of Missouri state prisoner Cleo Hines for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the petition for a writ of habeas corpus is denied.

# BACKGROUND

In January 2011, petitioner Hines was charged with the Class A felonies of first-degree robbery and felony murder in the Circuit Court of St. Charles County. On August 24, 2012, petitioner pled guilty to both charges. The circuit court sentenced petitioner to two concurrent sentences of life imprisonment.

Petitioner subsequently filed in the circuit court a pro se motion for post-conviction relief under Missouri Supreme Court Rule 24.035. Petitioner thereafter, with the assistance of appointed counsel, filed an amended motion for post-conviction relief. Following an evidentiary hearing, the circuit court denied the motion on December, 18, 2013. On November 12, 2014, the Missouri Court of Appeals affirmed the circuit court's denial of post-conviction relief. *Hines v. State of Missouri*, 456 S.W.3d 50, 51 (Mo. Ct. App. 2014). On August 28, 2015, petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254.

## PETITIONER'S GROUNDS FOR FEDERAL HABEAS RELIEF

Petitioner alleges three grounds for relief in this habeas action:

(1) The State violated his constitutional rights by using inconsistent theories of prosecution to provide a factual basis for his guilty plea, and to convict his co-defendant Paul White.

(2) Petitioner's plea counsel rendered constitutionally ineffective assistance by assuring him that he would receive no more than twenty years if he pled guilty.

(3) Petitioner's plea counsel rendered constitutionally ineffective assistance by failing to call Malinda Gleason, petitioner's former girlfriend, as a mitigation witness at the sentencing hearing.

Petitioner alleges that, but for these errors, he would not have pled guilty and would have insisted on going to trial. He argues that any procedural default of these claims should be excused due to the ineffective assistance of his plea counsel.

Respondent contends that petitioner's claims are all procedurally barred, because he failed to properly raise them during the post-conviction relief proceedings. Respondent further contends that the Missouri state court decisions are entitled to deference and that all of petitioner's claims are without merit.

## EXHAUSTION AND PROCEDURAL BAR

Congress requires that state prisoners exhaust their state law remedies for claims made in federal habeas corpus petitions. *See* 28 U.S.C. § 2254(b)(1)(A). A state prisoner has not exhausted his remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A petitioner must have fairly presented the substance of each federal ground to the state trial and appellate courts. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). If he has not done so and he has no remaining state procedure available for doing so, any such ground for federal habeas relief generally is barred from being considered by the federal courts. *King v. Kemna*, 266 F.3d 816, 821 (8th Cir. 2001) (en banc); *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011).

A petitioner may overcome the procedural bar, if he can demonstrate legally sufficient cause for the default and actual prejudice resulting from it, or that the federal courts' failure to review the claim would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish cause for a procedural default, petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 753. To establish actual prejudice, petitioner "must show that the errors of which he complains worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999) (internal citations omitted).

Petitioner raised each of his three federal grounds in his amended post-conviction relief motion. (Doc. 11, Ex. 1 at 160-89). However, in his appeal from the denial of that relief, petitioner raised only Ground 1. (Doc. 11, Ex. 3 at 1-36). Petitioner argues that the court should excuse his failure to raise Grounds 2 and 3 because of his post-conviction counsel's ineffective assistance. Petitioner further claims that the failure to address these claims infringed on his constitutional rights and thus resulted in a miscarriage of justice. In Ground 2, petitioner argues that but for his counsel's assurance that he would receive no more than a twenty-year sentence if he pled guilty, he would have insisted on going to trial. In Ground 3, petitioner argues that if plea counsel had called Ms. Gleason as a witness at the sentencing hearing, she would have testified he was kind and caring and not capable of murder. As discussed below, these arguments are without merit. Petitioner has not presented a sufficient reason to explain his failure to raise these grounds in his state court appeal, nor has he demonstrated actual prejudice arising from the default or that this court's failure to consider these claims would result in a miscarriage of justice. Accordingly, petitioner's Grounds 2 and 3 are procedurally barred.

Respondent argues that petitioner's first claim should also be barred because the Missouri Court of Appeals declined to address this claim on the merits. In Ground 1, petitioner asserts that the State violated his due process rights by using inconsistent

theories of prosecution to convict petitioner and his co-defendant. Although petitioner raised this ground in his motion for post-conviction relief, and again on appeal, the Missouri Court of Appeals found that petitioner waived this claim, because it was known to him at the time he pleaded guilty, and he knowingly and voluntarily entered a guilty plea anyway. (Doc. 11, Ex. 5 at 4). That court held that "[by] entering a knowing and voluntary guilty plea, a defendant waives all nonjurisdictional defects including statutory and constitutional guarantees." (*Id.*). When "the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar," such as waiver of a claim under state law, federal habeas review of the defaulted claim is inappropriate. *Harris v. Reed*, 489 U.S. 255, 263-66 (1989).

Nevertheless, even if petitioner's claims were not procedurally defaulted, they would still fail on the merits. If this court concludes that the procedurally barred grounds are without merit, Congress has authorized it to consider them and to dismiss them. 28 U.S.C. § 2254(b)(2). The undersigned has considered all of petitioner's federal grounds and concludes that they are without merit.

## **STANDARD OF REVIEW**

The federal Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that habeas relief may not be granted by a federal court unless the state court adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is contrary to clearly established federal law if it "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable

4

facts." *Thaler v. Haynes*, 559 U.S. 43, 47 (2010) (citations omitted). This standard is difficult to meet, because habeas corpus "is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (citations omitted). A state court's decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Thaler*, 559 U.S. at 48.

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 130 S. Ct. 841, 845 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). For habeas relief under § 2254(d)(2), clear and convincing evidence that factual findings lack evidentiary support is required. 28 U.S.C. § 2254(e)(1); *Wood*, 130 S. Ct. at 845.

## **DISCUSSION**

### A. Ground 1

Petitioner first alleges that the State used one theory of prosecution to provide the factual basis for his guilty plea and another to convict his co-defendant Paul White. In petitioner's case, the State relied on facts suggesting that petitioner waited in the car while co-defendant Paul White robbed an insurance agent and shot him to death. Petitioner claims this theory is inconsistent with the theory used during Paul White's trial, where the State argued that petitioner was inside the office during the shooting and was a more active participant.

On this matter, neither the prosecution, the motion court, nor the court of appeals acted contrary to federal law. The motion court did not believe that the state used inconsistent theories in prosecuting petitioner and his co-defendant. (Doc. 11, Ex. 1 at 204). It noted the state's acknowledgment that it did not know which defendant killed the victim and only based its argument on the theory of accomplice liability to convict both

5

defendants. *Id.* Additionally, the motion court noted that the state needed to confine its evidence to what it knew would be admissible at trial. The statement of a co-defendant would have been inadmissible hearsay unless the co-defendant testified. Because of this, the state could not use the co-defendant's statements against petitioner and could only use petitioner's statement as to this event. *Id.*

The Court of Appeals affirmed the motion court's decision. The appellate court found petitioner had waived his claim of error by entering a guilty plea when he knew of the alleged error before pleading. (Doc. 11, Ex. 5 at 4). The record showed petitioner was also aware that the state would use his own statement in his trial before pleading guilty. (Doc.11, Ex. 2 at 19-22). The appellate court found that even if petitioner had not waived his claim, the state admitted it did not know the identity of the shooter, but both men were guilty under the doctrine of accomplice liability. *Id.* Ex. 5 at 5.

At petitioner's guilty plea hearing, the state noted petitioner was "charged as acting in concert so these elements could have been committed either by [petitioner] alone or by [his] co-defendant, Mr. White, or by the combination of them". (Doc. 11, Ex. 1 at 49). The State further claimed that "White says [petitioner was] the one who did all the shooting." *Id.* at 52. The state noted that for second-degree murder, they were only required to prove petitioner "aided or assisted in the commission of robbery in the first degree." *Id.* at 53. Similarly, in the opening statement of the co-defendant's trial, the state claimed:

> Whether you find that [petitioner] pulled the trigger or Paul White pulled the trigger, you will find that the evidence shows Paul White aided and encouraged in every step of the way; his plan, his gun.

(Doc. 11, Ex. 7 at 40). Accordingly, the motion court found that there was not an inconsistency, because both defendants were tried as accomplices.

In *Bradshaw v. Stumpf*, a petitioner pled guilty to aggravated murder after he and a co-defendant conducted a murder-robbery. 545 U.S. 175, 187 (2005). The state asserted that he was the one who shot the victim, while he maintained it was his co-defendant. *Id.* Later, when his co-defendant proceeded to trial, the State introduced new evidence that

6

the co-defendant was the one who actually pulled the trigger. *Id.* at 179-82. The United States Supreme Court held that prosecutorial inconsistencies between a petitioner and his co-defendant could not have affected the knowing, voluntary, and intelligent nature of his plea when the inconsistency was immaterial to the state conviction, because an aider-and-abettor theory would allow the conviction even if the petitioner had not shot the victim. *Id.* at 181-82 ("The aggravated murder charge's intent element did not require any showing that [petitioner] had himself shot [the victim]. Rather, Ohio law considers aiders and abettors equally in violation of the aggravated murder statute, so long as the aiding and abetting is done with the specific intent to cause death. As a result, [petitioner's] steadfast assertion that he had not shot [the victim] would not necessarily have precluded him from admitting his specific intent under the statute.").

Similarly, petitioner's case involves two defendants who acted in concert to conduct a murder-robbery. Unlike *Bradshaw*, the state here acknowledged at proceedings for both defendants that it was unsure which defendant actually fired the shots, arguing instead that the evidence was sufficient under Missouri's accomplice liability laws to find both guilty beyond a reasonable doubt. (Doc. 11, Ex. 1 at 190, Ex. 6 at 307). Petitioner was "charged as acting in concert" on both offenses, so the elements could have been committed by him alone, by his co-defendant, or by a combination of them. (Doc. 11, Ex. 1 at 46). Each of the co-defendants accused the other of shooting the victim, and in both cases, the prosecution's theory, assuming it did not know which defendant pulled the trigger, was to prove guilt by accomplice liability. (*See* Doc. 11, Ex. 1 at 190, Ex. 6 at 307). This is not an inconsistency. And even if it was, as in *Bradshaw*, Missouri's accomplice liability law considers accomplices equally in violation of the law, making petitioner's claim that there was an inconsistency at the core of the cases without merit. (Doc. 11, Ex. 5 at 5) (citing *State v. Lewis*, 431 S.W.3d 7, 11 (Mo. Ct. App. 2014)). Any inconsistency did not render petitioner's plea unreliable. Just as in *Bradshaw*, it could not have affected the knowing, voluntary, and intelligent nature of his plea when the inconsistency was immaterial to his state conviction. 545 U.S. at 181-82.

Accordingly, Ground 1 is without merit.

## B. Ground 2

In Ground 2, petitioner alleges his plea counsel rendered constitutionally ineffective assistance by assuring him that he would receive no more than twenty years if he pled guilty, thereby making petitioner's guilty plea involuntary.

In *Strickland v. Washington*, the Supreme Court determined that the right to effective assistance of counsel arises from the Sixth and Fourteenth Amendments. 466 U.S. 668 (1984). Under *Strickland*, a petitioner is entitled to federal habeas corpus relief upon a showing that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

To prevail on an ineffective assistance of counsel claim, petitioner must prove two elements. First, petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness. *Id.* at 687–88. There is a strong presumption that counsel has rendered constitutionally effective assistance. *Id.* at 690. Counsel's strategic choices made after thorough investigation are virtually unchallengeable. *Id.* at 690–91. Additionally, decisions following reasonable, but less thorough, investigation are to be upheld to the extent that they are supported by reasonable judgment. *Id.* Specifically, when a defendant pleads guilty on the advice of counsel, "in order to later claim that his plea was involuntary because of some infirmity in the advice," he must demonstrate "that the advice was not within the range of competence demanded of attorneys in criminal cases." *Taylor v. Bowersox*, 329 F.3d 963, 972–73 (8th Cir. 2003) (citations omitted).

Second, petitioner must demonstrate actual prejudice by counsel's deficient performance. *Strickland*, 466 U.S. at 687. "[A] court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." *Id.* at 696. In the habeas corpus context, in order to satisfy the second requirement, "defendant must show that there is

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going trial." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

During his guilty plea, petitioner affirmed to the court that he was willing to waive his right to trial and enter a guilty plea, even if he was unwilling to admit all of the elements of the charges. [1] (Doc. 11, Ex. 1 at 35). Petitioner assured the court under oath that he understood the maximum sentence for his charges could be two concurrent life sentences, and that this is what the state recommended. *Id.* at 37-39. Petitioner acknowledged that his attorney had reviewed the plea document with him. *Id.* Petitioner affirmed he understood the ultimate sentence was up to judge. *Id.* at 41. Petitioner assured the court that he had been able to meet and speak to his attorney during the representation. *Id.* at 42. Petitioner confirmed that his attorney had discussed the possible punishments with him and explained the plea negotiation to him. *Id.* at 43. Petitioner also assured the court that nobody had promised him anything about the outcome of the sentencing. *Id.* at 47. Petitioner also affirmed that his plea counsel had told him that under Missouri law, based on the classification of the two offenses, he would have to serve 85 percent of his sentence time. *Id.* at 55. When being asked whether he had any questions for the court, petitioner answered "no". *Id.*

In the post-conviction hearing, plea counsel testified that he did not promise petitioner a certain outcome if petitioner entered a guilty plea. (Doc. 11, Ex. 2 at 23). Plea counsel testified that he had discussed the state recommendation of life imprisonment with petitioner and reviewed the "petition to enter a plea of guilty" document with petitioner. *Id.* at 12. The motion court found plea counsel more credible than petitioner. (Doc. 11, Ex. 1 at 206). Therefore, the motion court denied petitioner's claim on this point.

---

[1] The circuit judge referred to this as an *Alford* plea, meaning a plea of guilty without admitting guilty but agreeing that the government's evidence would be sufficient to convict him at a trial, as authorized by *North Carolina v. Alford*, 400 U.S. 25, 37 (1970). *United States v. Tyerman,* 641 F.3d 936, 936 n.1 (8th Cir. 2011).

Under the AEDPA, a district court presumes a state court's factual findings are correct. 28 U.S.C. § 2254(e)(1). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.* Petitioner Hines has not done so here. He has simply presented the same or similar facts that the motion court discredited. Accordingly, this court must defer to the motion court's credibility findings.

Ground 2 is without merit.

**C.    Ground 3**

Finally, in Ground 3, petitioner alleges his plea counsel was constitutionally ineffective for failing to call Malinda Gleason, petitioner's former girlfriend, as a witness at the sentencing hearing. Petitioner argues that Ms. Gleason was the mother of his two youngest children and, if called, she would have testified that petitioner was a responsible father and not capable of murder. Petitioner alleges he informed his counsel about his relationship with Ms. Gleason and how to contact her before the sentencing hearing.

The decision not to call a witness is a matter of trial strategy and will not support a claim of ineffective assistance of counsel unless the defendant clearly establishes otherwise. *Hanes v. Dormire*, 240 F.3d 694, 698-99 (8th Cir. 2001). Petitioner has not established otherwise. As the motion court explained in its order rejecting the claim, petitioner needed to show the witness would have testified if called and that the witness' testimony would have aided his defense, and he has failed to do so:

> There has been no evidence presented that Malinda Gleason would have testified, if called. Other than Movant's bare assertion, he has failed to adduce any evidence as to what Malinda Gleason's testimony would have been at sentencing, if called. The requirement that a movant directly allege facts to which the witness would have testified, if called, is more than a technicality. *White* [*v. State*, 939 S.W.2d 887, 896 (Mo. banc 1997)]. Since there was no evidence adduced as to Malinda Gleason's purported testimony, there has been no showing she would have testified, been an effective character witness or advanced the defendant's theory. Furthermore, the issues of investigating and calling witnesses that might possibly support a defense theory fall within trial strategy and cannot be said to have been objectively unreasonable. *State v. Clay*, 975 S.W.2d 121, 144 (Mo. Banc 1998).

> Trial counsel's decision not to call a witness is presumed to be trial strategy unless otherwise clearly shown. *Bucklew v. State*, 38 S.W.3d 395, 398 (Mo. banc 2001). A strategic choice made after thorough investigation is essentially unchallengeable. *Bucklew* at 398 (citing *State v. Ramsey*, 864 S.W.2d 320, 340 (Mo. banc 1993)). Movant has not clearly shown the failure to call Malinda Gleason was not trial strategy. Furthermore, the mixed impact and cumulative nature of Gleason's testimony does not give rise to a showing of a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Movant was not prejudiced.

(Doc. 11, Ex. A at 206-07). This court cannot conclude that the Missouri circuit court erred in rejecting petitioner's ineffective assistance claim based on counsel's failure to call Ms. Gleason as a witness at the sentencing hearing. Petitioner has not established that her testimony would have been favorable to him or would have mitigated the sentence imposed by the sentencing judge.

Accordingly, Ground 3 is without merit.

## CONCLUSION

For the reasons set forth above, the petition of Cleo Hines for a writ of habeas corpus is denied. Petitioner has made no substantial showing that he was deprived of a constitutional right. Therefore, a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).

An appropriate Judgment Order is issued herewith.

/S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 18, 2018.